WILLIAM BUCHANAN, executor of SAMUEL SMITH *against* JOHN
MONTGOMERY.

In convenant for non-payment of rent, a witness who had written a letter by order of the
plaintiffs testator to the defendant, directing him to pay two years' rent to the witness,
allowed to give evidence, and the objection restrained to his credit, under corroborating
circumstances. It is not a matter of course that rent in arrear should pay interest
though secured by deed.

In covenant for non-payment' of rent, the defendant offered
in evidence the deposition of doctor William Montgomery, (the son
of the defendant, and grandson of the plaintiff's testator,) taken
under a commission, tending to prove, that by his grand father's
orders he had written a letter in his name to his father, directing
him to pay two years' rent to the witness, as a token of his affection,
his grand father being unable to write himself. The letter dated
10th July 1783, was produced therewith.

The inability of Smith to write, was also proved by another
witness, for some years previous to 1783.

Mr. Hamilton for the plaintiff, excepted to the testimony.
An agent shall not establish his authority by his own oath, and
particularly so, where the exercise of that authority puts money into
his own pocket. It would be of mischievous consequence to society
if such a practice was gone into. A trustee shall be no witness in
a cause wherein he is ordered to account. 12 Vin. 8, pl. 20, cites
Barnard. 416. A witness swearing, that at the time of the action
brought he was concerned with the plaintiff, in a ship and tackle,
but long since had sold his interest, so that at the time of trial he
was in no wise concerned in the consequence of the cause, was held
incompetent. 12 Vin. 31, pl. 9, cites Skin. 174. A pilot is no
witness in an action for running over the plaintiff's barge with his
ship. 1 Salk. 287. A sailor is no witness in an action by another,
for wages, where the question turns on the loss of the ship. 1 Stra.
414.
Here doctor Montgomery is interested in the very question trying.
The plaintiff and he claim the same two years' rent. If the money
was not given to him by his grand father, he is liable over to his
personal representative. If a verdict goes against his father for the
amount he ought to refund to him, notwithstanding the release which
has been executed to him by the defendant, to enable him to give
testimony.

Mr. Duncan *e contra* for the defendant. Objections at this
day are generally restrained to the credit of witnesses, and do
not as formely go to their competency. 1 Term Rep. 300. H.
Bla. 308. If they are not immediately interested in the event
of the cause, they will be received. 1 Term Rep. 301. 4 Term

Rep. 20. It is a sufficient answer to an objection to a witness, that he can recover nothing in the suit then trying. F. Ves. 61. Unless the verdict can be given in evidence in another suit, by or against the witness, he is admissable. 3 Term Rep. 32, 34, 36. It will not be pretended, that if the now plaintiff should bring an action against the witness, he could possibly avail himself of the verdict in this cause; and to the defendant he can never be answerable by reason of the release. Such an instrument would have made the pilot a good witness in the case cited by the plaintiff. 2 Stra. 1083. So of sailors or coachmen, to disprove their own negligence in actions against their employers for damage done by them in their occupations. 4 Term Rep. 590. Here are strong corroborating circumstances to take this case out of that of a common agency. One who has acted under a bare authority shall be allowed to prove the execution of it. 2 Bull. 313. A son who embezzled his father's money was allowed a witness in trover against a third person to whom he had delivered it. 1 Salk. 289.

By the court. The objection under all the circumstances of the case, goes to the credit and not the competency of the witness. The transaction was between an ancient man and his grandson just beginning the world, and it was natural that the old gentleman should give his decedant some instance of his bounty. It is fully proved, that the advanced age and weakness of the testator prevented him from the exercise of his pen, and therefore he recurred to an *amanuensis.* To the defendant, the witness clearly is not liable by reason of his release. Nor can he be answerable to the plaintiff, unless he had orders from the testator to receive the money; and therefore the exception on the score of liability to the plaintiff, must presuppose that very authority, which is now contested at the bar, and consequently is *felo de se.* It appeared in the event, that two years' rent only out of ten years which were sued for, remained due from the defendant, and the plaintiff's counsel insisted on interest thereon, the demand being certain and founded on a writing sealed. But the court observed, that it was by no means a matter of course, that rent in arrear should pay interest. 2 Ld. Ray. 774. 2 Fonbla. 428. The practice of the late proprietors in collection of their quit-rents had generally established this usage in Pennsylvania, that interest was not demandable on rent charges or other rents, though secured by deed; and unless unreasonable and vexatious delay has occurred in withholding rent, interest was not properly recoverable thereon.

The jury found accordingly, 30*l.* damages, and six pence costs.